UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Perry W. Browning and
Nancy L. Browning

     v.                        Civil No. 08-cv-43-JD
                                   Opinion No. 2008 DNH 078

United States of America

O R D E R

     Petitioners Perry and Nancy Browning ("the Brownings") filed
a motion to quash a third party summons served by the Internal
Revenue Service ("IRS") upon the Brownings' accountant, Viggo
Carstensen, in order to obtain records related to the Brownings.
The government filed a response (document no. 8) and as part of
its response petitioned to enforce the summons.  The Brownings
then answered (document no. 9) the allegations contained in the
government's response.

Background[1]

     In 2002, the Brownings, originally from New Hampshire and
now residing in Florida, were selected for examination by the

---

[1]The background information is taken from the facts
submitted by the Brownings in support of their motion to quash,
which were admitted by the government, except to the extent
noted.

Montpelier, Vermont, office of the IRS.  Belinda Evans was the
IRS revenue agent responsible for conducting an examination of
the Brownings' tax liability.  The 2002 investigation included an
interview with Perry Browning and Carstensen, as well as
Information Document Requests ("IDRs").  The Brownings, with the
assistance of Carstensen, responded to the document requests, but
according to Agent Evans, the documents provided were incomplete
either because they were unsigned or missing signature pages.

Agent Evans submitted a sworn declaration in support of the
government's response to the Brownings' motion to quash.  In her
declaration, Evans outlines the IRS investigation into whether
the Brownings excluded certain amounts from their gross income
for federal tax purposes for the taxable years 1995 through 2003.
The Brownings filed their tax returns for this period based on
their position that Perry Browning, in connection with his
employment as the principal and owner of SB Electronics (an
electronics component manufacturer), entered into an off-shore
employee leasing arrangement.[2]  Because the Brownings assert that
Perry Browning participated in this off-shore employment
relationship, they contend that they were not required to include

---

[2]In April of 2003, the IRS issued Notice 2003-22, 2003-1
C.B. 851, designating certain off-shore employee leasing
arrangements as "listed transactions," a designation that imposes
additional document maintenance requirements for taxpayers.

a substantial part of his compensation as part of their gross
income.

On April 6, 2006, Agent Evans issued a 49 page examination
report, concluding that the Brownings owed substantial additional
tax related to the years 1995 through 2000 because of Perry
Browning's participation in the off-shore employee leasing
arrangement.[3]  The Brownings disagreed with her findings, and the
case was transferred to the IRS Appeals Office in Tampa.  After
several meetings in Tampa in late 2006 and the early part of
2007, the parties could not reach a settlement.

In late 2006, the IRS announced a change in the procedure
for "listed transactions" that are not settled through appeals,
namely, the "Office of Appeals will close out its consideration,
notify the taxpayer, and send the case to the appropriate
Operating Division for further handling."  IRS Announcement 2006-
100, 2006-51 I.R.B. 1141.  At this point, the Operating Division
will either issue a Notice of Deficiency or seek additional
"development."[4]  Id.  Pursuant to this new procedure, in April of

_____

[3]In its response to the Brownings' motion to quash, the
government notes that Evans' 2006 examination really was three
separate reports related to the years in question.

[4]In its response, the government states that the Brownings'
description of IRS Announcement 2006-100, 2006-51 I.R.B. 1141 is
materially accurate but incomplete.

2007, the Tampa Appeals Office sent a notice to the Brownings that their case was being sent back to the Compliance Business Operating Division for further processing.  The case was re-assigned to Agent Evans, who issued the summons at issue in this case.

Specifically, on October 31, 2007, Evans issued an IRS administrative summons ("the summons"), pursuant to 26 U.S.C. §§ 7602 and 7604, to Carstensen, directing him to appear before Evans on November 29, 2007.  The summons directed Carstensen to appear, give testimony, and to produce for examination certain books, papers, records, or other data as described in the summons.  In her declaration, Evans states that the purpose of the summons was to assist the IRS in determining whether the proposed assessments of tax for the years 1995 through 2003 were correct and to determine whether the Brownings made a false or fraudulent return with the intent to evade tax for those years.

On November 19, 2007, the Brownings initiated this case by filing the motion to quash the summons.  Carstensen did not appear as requested on November 29, 2007, and according to the government, to date, Carstensen has failed to comply with the summons.  In January of 2008, the IRS sent two Statutory Notices of Deficiency to the Brownings for the years 1995 through 2000.

Discussion

In support of their motion, the Brownings argue that the summons is not enforceable because the documents and testimony it seeks are not relevant and are in the possession of the government and because it was not issued for a legitimate purpose.  The government contends that the summons is enforceable and in its answer included a petition to enforce.  The court will not consider the petition to enforce because it was not filed as a separate motion as required by Local Rule 7.1.

When a taxpayer challenges an IRS summons issued under I.R.C. § 7602 and § 7604, the IRS must show that the case has not been referred by the Justice Department for criminal proceedings and that the summons was issued in good faith.  United States v. Gertner, 65 F.3d 963, 966 (1st Cir. 1995); Copp v. United States, 968 F.2d 1435, 1436-37 (1st Cir. 1992).  Good faith is demonstrated by meeting the Powell requirements which are: the IRS investigation is for a legitimate purpose, the information sought is or may be relevant to that purpose, the IRS does not already possess the information, and all legally required administrative steps have been followed.  United States v. Powell, 379 U.S. 48, 57-58 (1964); Gertner, 65 F.3d at 966.  A "three-tiered framework" is used in applying these standards. Gertner, 65 F.3d at 966.

5

"To mount the first tier, the IRS must make a prima facie showing that it is acting in good faith and for a lawful purpose." Id.  If the government satisfies its prima facie case, a "good-faith presumption" arises and the inquiry reaches the second stage.  Id. at 967.  At this stage, "the burden shifts to the party summoned to present evidence that the Powell requirements have not been satisfied or that there is some other reason why the summons should not be enforced." United States v. Textron Inc. & Subsidiaries, 507 F. Supp. 2d 138, 144 (D. R.I. 2007) (citing United States v. Freedom Church, 613 F.2d 316, 319 (1st Cir. 1979)).  If the taxpayer meets this burden, the court proceeds to the third stage of the inquiry and "weighs the facts, draws inferences, and decides the issue." Gertner, 65 F.3d at 967.

A.  Prima Facie Case

The prima facie case does not impose a heavy burden on the IRS.  Id. at 966.  An affidavit of the investigating agent that attests to each of the criteria necessary to demonstrate a prima facie case is sufficient.  Id.; see also Thomas v. United States, 254 F. Supp. 2d 174, 180 (D. Me. 2003) (a "barebones" affidavit from IRS agent is sufficient).

In this case, the government submitted the affidavit of
Agent Evans.  Evans states that there has been no Justice
Department referral, as defined in 26 U.S.C. § 7602(d), for the
tax years in question.  She also explains that the summons was
issued for a legitimate purpose: to help determine the Brownings'
tax liability for the years 1995 through 2003.  Specific to this
inquiry is whether Perry Browning entered into off-shore employee
leasing agreements.  According to Evans, the off-shore agreements
provided by the Brownings are incomplete and therefore she cannot
complete her investigation of their tax liability for the years
in question.  In addition, Evans states that the documents and
other information sought by the summons are not already in the
possession of the government and Evans maintains that all of the
procedural requirements of the IRC have been met.  The
declaration attests to all four of the <u>Powell</u> requirements.
Therefore, the government has met its minimal burden necessary to
satisfy its prima facie case.

B.  <u>Rebutting the Presumption</u>

The Brownings challenge the government's prima facie case on
the grounds that: (1) the summons was not issued for a legitimate
purpose because it is part of an unauthorized second examination
and because the government is engaging in one-sided discovery as

it prepares for a pending Tax Court proceeding; (2) the information sought is beyond the scope of the relevancy requirements of § 7602; and (3) the information sought is already in the possession of the government.

To successfully rebut the government's prima facie showing and the presumption that the summons was issued in good faith, the Brownings "shoulder a significant burden of production." Gertner, 65 F.3d at 967.  The Brownings "must articulate specific allegations of bad faith and, if necessary, produce reasonably particularized evidence in support of those allegations."  Id. The burden is on the Brownings to "create a substantial question in the court's mind regarding the validity of the government's purpose."  Id. (internal quotation marks omitted).  "To reach this goal, it is not absolutely essential that the taxpayer adduce additional or independent evidence; she may hoist her burden either by citing new facts or by bringing to light mortal weaknesses in the government's proffer."  Id.

1.  Legitimate Purpose

"Whether the purpose for issuing a summons is legitimate depends on the circumstances."  Textron Inc. & Subsidiaries, 507 F. Supp. 2d at 144.  "Section 7602(a) makes it clear that 'ascertaining the correctness of any return' and 'determining the

8

liability of any person for any internal revenue tax' are legitimate purposes for issuing a summons." Id. (quoting 26 U.S.C. § 7602(a)).  There are, however, restrictions as to what the IRS may seek.  The IRS may not use a civil summons to gather evidence to be used for "solely criminal purposes."  Copp, 968 F.2d at 1437 (internal quotation marks omitted); United States v. Kis, 658 F.2d 526, 535 (7th Cir. 1981).  In addition, if the government investigation is "unnecessarily duplicative of some prior examination," the summons in question may not be for a legitimate purpose and may violate 26 U.S.C. § 7605(b).[5]  United States v. Balanced Fin. Mgm't, Inc., 769 F.2d 1440, 1446–1447 (10th Cir. 1985)(internal quotation marks omitted).  Similarly, the IRS may not issue a summons "to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation."  Powell, 379 U.S. at 58.

In this case, the Brownings argue that the IRS summons was issued for an improper purpose because the government is

---

[5]26 U.S.C. § 7605(b) provides that:
"No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

attempting to conduct a second examination of the Brownings for the years 1995 through 2000, an action that is prohibited by § 7605(b).  The Brownings also argue that the summons was not issued for a legitimate purpose because the IRS is trying to bolster its case through alternative, one-sided discovery as it prepares for litigation in Tax Court.  In other words, it appears that the Brownings are arguing that the summons is improper because the government would be able to obtain the information sought in the summons in the Tax Court proceeding.  The government contends that the summons is not part of an unauthorized second examination because it was issued as part of a continuation of its original examination of the Brownings' liability for the years 1995 through 2003.  The government also argues that the summons was not issued to bolster its case as it prepares for litigation and that the pending Tax Court proceeding does not prevent the enforcement of a validly issued summons.

a.  Second Examination

The primary purpose of section 7605(b) is "no more than to emphasize the responsibility of agents to exercise prudent judgment in wielding the extensive powers granted to them by the Internal Revenue Code."  Powell, 379 U.S. at 56. "The Supreme Court clearly held in Powell that the showing of abuse of process

10

necessary to quash an administrative summons must be predicated on more than the fact of re-examination." <u>United States v. Ins. Consultants of Knox, Inc.</u>, 187 F.3d 755, 760 (7th Cir. 1999)(internal quotation marks omitted).  For this reason, "the taxpayer may not refuse to produce records in response to a subpoena by an IRS special agent merely because his returns have been once previously examined." <u>Spell v. United States</u>, 907 F.2d 36, 38 (4th Cir. 1990).

In this case, Agent Evans' declaration states that the summons seeks information that will assist the IRS in determining whether the Brownings made a false and fraudulent return with the intent to evade tax for any of the years 1995 through 2003 and that the summons is in furtherance of this investigation.  The Brownings argue that the summons is not proper because Agent Evans has already examined their tax liability for the years 1995 through 2000, but they have not offered any particularized evidence that the summons is "unnecessarily duplicative" or that it was issued in order to harass them.  A motion to quash an administrative summons must be predicated on more than the fact of re-examination.  Therefore, the Brownings have failed to meet their burden on their re-examination argument.

### b.  Tax Court Proceedings

The "mere fact that the [g]overnment might be able to obtain some or all of the documents [sought in the summons] through the Tax Court procedures does not by itself compel the conclusion that the [g]overnment's attempt to enforce the summons" is for an improper purpose.  United States v. Gimbel, 782 F.2d 89, 93 (7th Cir. 1986); see also United States v. Arthur Andersen & Co., 623 F.2d 725, 728 & n. 5 (1st Cir. 1980) (IRS is not barred from invoking its summons authority under § 7602 merely because the Department of Justice has recourse to available bankruptcy discovery procedures).  "Similarly, the initiation of judicial proceedings to review an IRS administrative determination does not necessarily obviate the legitimacy of further IRS administrative investigation or create substantial countervailing policies militating against enforcement of a summons."  PAA Mgm't, Ltd. v. United States, 962 F.2d 212, 218 (2d Cir. 1992). Therefore, the Brownings' argument that the summons is not proper because the information sought in the summons may become available in the Tax Court proceeding has no merit.

### 2.  Relevancy

An IRS summons satisfies the relevance requirement of the Powell analysis if the documents sought "might have thrown light

upon the correctness of [the taxpayer's] return." <u>United States
v. Arthur Young & Co.</u>, 465 U.S. 805, 813 (1984).  "The summons
power of the IRS under the Code is quite broad, and courts are
constrained to exercise caution before circumscribing the summons
authority." <u>PAA Mgm't, Ltd.</u>, 962 F.2d at 216.  Specifically, the
language of § 7602 reflects a "congressional policy choice in
favor of disclosure of all information relevant to a legitimate
IRS inquiry." <u>Arthur Young & Co.</u>, 465 U.S. at 816.  For this
reason, the relevance requirement has "been interpreted liberally
in favor of the IRS." <u>PAA Mgm't, Ltd.</u>, 962 F.2d at 216.

In this case, the Brownings argue that the summons seeks
documents and testimony that go beyond the scope of the relevancy
requirement imposed by § 7602(a).  Specifically, they contend
that the IRS has already investigated them for four years, that
Agent Evans concluded her investigation in her 2006 Examination
Report, and that the IRS has already determined that the
Brownings were liable for taxes from the years 1995 through 2000
because the IRS sent a Notice of Deficiency for these five years.
The government contends that the summons seeks information
relevant to the IRS's investigation of the Brownings with respect
to the taxable years 1995 through 2003 (not 2000), and that the
IRS has not yet closed its investigation or determined the
Brownings' tax liability for this period.  The government also

13

argues that the January 2008 Notice of Tax Deficiency sent <u>after</u> the summons was issued does not prevent the enforcement of a validly issued summons.

For purposes of establishing the <u>Powell</u> requirements, "the validity of the summons is to be tested as of the date of issuance of the summons." <u>Gimbel</u>, 782 F.2d at 93; <u>see also</u> <u>Couch v. United States</u>, 409 U.S. 322, 329 n.9 (1973)("The rights and obligations of the parties became fixed when the summons was served."). In this case, whether the summons should be enforced is judged as of the time it was issued in October 2007. Therefore, the January 2008 Notice of Deficiency sent to the Brownings is irrelevant to the analysis.

Further, although the Brownings claim that the IRS completed its tax liability determination for the years 1995 through 2000 and that the information sought in the summons goes beyond the relevant time period, the Brownings have not produced reasonably particularized evidence in support of those allegations. The Brownings also have not addressed why the summons is not relevant to an investigation of their tax liability for the years 2001 to 2003. Given the liberal scope of the relevance requirement and given the Brownings' cited failures, the Brownings have not satisfied their burden of rebutting the government's prima facie case that the summons seeks information relevant to the IRS investigation.

14

### 3.  Documents Already in IRS Possession

The Brownings also argue that the information sought by the IRS is already in the possession of the government.  They contend that the IRS has all of the documents as a result of the 2002 IDRs and that they have already interviewed Carstensen.  The government admits that it has already interviewed Carstensen but contends that the only document it already has in its possession is a single email message which was provided prior to the issuance of the summons.  The Brownings have not offered any particularized evidence that the IRS already possesses all of the information it needs in relation to Perry Browning's off-shore leasing arrangement.

## C.  Enforceability

The IRS has made a prima facie showing that the Powell requirements have been satisfied.  The Brownings have failed to meet their burden to rebut the presumption that the summons was issued in good faith and therefore the presumption of good faith persists.  Under these circumstances, it is unnecessary for the court to consider the third tier of the framework analysis.

The motion to quash is denied.  The parties are urged to resolve this matter promptly.  If a petition to enforce is necessary, the government shall file the petition on or before April 28, 2008.

<u>Conclusion</u>

For the foregoing reasons, the Brownings' motion to quash (document no. 1) is denied.  If necessary, the government shall file a petition to enforce on or before April 28, 2008, failing which the clerk shall close the case.


SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

April 8, 2008

cc:  Peter D. Anderson, Esquire
     James E. Brown, Esquire
     John M. Colvin, Esquire